No. 38,811

LLOYD L. DAVIDSON, *Appellant,* v. W. J. WHITLOW, T. R. HOOVER, C. L. GOFF, E. ALLSUP, and all other persons who were members of the CONDUCTORS & ENGINEERS CLUB as of December, 1947, and subsequent thereto, whose names and residences are to plaintiff unknown; THE CONDUCTORS & ENGINEERS CLUB operating by and through its officers, W. J. WHITLOW, President, T. R. HOOVER, Vice-President, C. L. GOFF, Vice-President, and E. ALLSUP, Secretary-Treasurer, *Appellees.*

(255 P. 2d 654)

Opinion filed April 11, 1953.

*Lawrence J. Richardson,* of Topeka, argued the cause, and *I. T. Richardson,* of Emporia, was with him on the briefs for the appellant.

*Samuel Mellinger,* of Emporia, argued the cause, and *Clarence V. Beck,* of Emporia, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to recover the sum of $750 with interest alleged by plaintiff to be due him from the defendants, who conducted an engineer's club. The appeal is from an order of the court sustaining a demurrer to plaintiff's evidence. A copy of the bylaws of the defendant club under which plaintiff claimed was attached to the petition and made a part thereof. It may be quoted or summarized as follows:

"1. This association shall be known as the Conductors and Engineers Club of the Eastern and Kansas City Divisions of the Atchison, Topeka & Santa Fe Railway.

"2. Members of the Brotherhood of Locomotive Engineers, Order of Railway Conductors, Brotherhood of Locomotive Firemen and Enginemen and

Brotherhood of Railway Trainmen, having four years seniority on the Eastern or Kansas City divisions, are eligible to membership.

"3. Its object is to pay its members two dollars and fifty cents per day for a period not to exceed 300 days when forced from service of A. T. & S. F. Ry. Co. by discharge.

"4. No benefits will be paid for discharge for failure to pass any examination called upon to pass or for willful acts which invite discharge or if delinquent in the B. of L. E., O. R. C., B. of L. F. & E., B. of R. T. or club at the time of removal from service."

Paragraphs 5 to 8 provide the membership fee and dues and for the levy of special assessments, if necessary.

"9. The officers shall consist of a President, two Vice-Presidents and Secretary-Treasurer, who shall be elected in November each year.

"10. The officers shall have full authority to handle all claims and petitions for membership.

"11. In case of deadlock by board, the board will select names of members of the club, place names in a container and the claimant will draw one name out of container, that one to decide the vote. There shall be no appeal from decision of such board.

"12. Secretary-Treasurer shall have full authority to disburse the funds of this club in payment of all just claims."

The following paragraph authorizes the president to appoint an auditing committee each year, fixes the maximum funds of the club, provides the bond to be given by the secretary-treasurer, fixes the annual meeting, the salaries of the respective officers, and provides for amendments of the bylaws.

Plaintiff's petition summarized the pertinent portions of the bylaws (except paragraph 4, which was not mentioned), alleged he became a member of the club about July 1, 1946, and has continued to be a member since that time; that about December 20, 1947, plaintiff was forced from the service of the Atchison, Topeka & Santa Fe Railway by discharge, which discharge continued until January 1, 1949, about 375 days; that immediately after his discharge he notified the Conductors and Engineers Club, through its officers, who were named, of his discharge and made demands for payment as provided by the bylaws at the rate of $2.50 per day, but that the defendant refused payment of such sums. The prayer was for judgment for $750 and interest.

Defendant's answer upon which trial was had contained a general denial and alleged that plaintiff failed to comply with all the provisions of the contract of membership in that if plaintiff was discharged from the Atchison, Topeka & Santa Fe Railway his discharge was for willful misconduct. It further alleged that the offi-

cers of defendant club did meet and hear the evidence introduced by plaintiff claiming that he was entitled to compensation and found that plaintiff was not entitled to any benefits in the association for the reason of his discharge. It further alleged that the defendant officers of the club did perform and fulfill every duty imposed upon them by the bylaws.

Plaintiff replied with a general denial and further denied his discharge from the railroad company was for willful misconduct as alleged in the answer.

Plaintiff was the sole witness called to testify in his behalf. He testified that he was first employed by the Santa Fe Railway Company in 1914 as a fireman, was promoted to a locomotive engineer in 1927, and in 1947 was operating out of Emporia; that in 1927 or 1928 he joined the Conductors and Engineers Club and has been a member since and paid his dues and assessments until he was discharged; that he was familiar with the bylaws and constitution of the Conductors and Engineers Club when he joined it and was familiar with it in 1947; that on December 20, 1947, he was forced from the service of the A. T. & S. F. Railway Company and was continuously out of service until he was reinstated on January 1, 1949; that a week or ten days after his discharge he notified the officers of defendant club of his discharge; that he was told they would have to have the investigation papers to go over, which plaintiff furnished, and that after the defendant's officers had examined the investigation papers they notified him that they could not pay the claim. He further testified that during his employment with the Santa Fe as a locomotive engineer, particularly during the month of December, 1947, he operated the engine when he was on the road according to the rules and regulations of the railway company. He was asked and answered the following questions:

"Q. And when you were forced from service in December, 1947, you were not laid off because of lack of seniority or lack of work for an engineer? A. No lack of seniority.

"Q. You were discharged because the Santa Fe found that you had violated rules of the Santa Fe, isn't that correct? A. Yes.

"Q. And before they made that finding the Santa Fe directed an investigation and hearing at which you were present? A. An investigation was had—yes.

"Q. A hearing was held at which you were permitted to testify? A. Yes.

"Q. And as a result of this hearing they found you had violated four rules of the Santa Fe and discharged you for those violations—did they not? A. Yes, sir."

In connection with that plaintiff's Exhibit 2 was offered and received in evidence. It reads:

"Emporia, Kansas—December 22, 1947

"Mr. L. L. Davidson—Emporia

"This will confirm verbal advice already furnished that you have been removed from service for your responsibility as outlined in General Notice, Rules, E. P. 451 and 455, as per formal investigation held at Emporia, December 18, 1947, in connection with altercation Train 30, November 26-27, and other irregularities.

"Please acknowledge by signing the second copy attached, returning same to me.

"Your truly, L. M. Olson

"Receipt Acknowledged,

"L. L. Davidson."

The rules of the Railway Company referred to in Exhibit 2 were also introduced in evidence. There was no testimony, however, with respect to what constituted the altercation on November 26 and 27 or other irregularities referred to in Exhibit 2.

Plaintiff further testified:

"Q. You submitted your claim to the officers of the Conductor's and Engineer's Club? A. That is right.

"Q. I will ask you to state whether or not you were familiar with By-law No. 11 at the time that you submitted your claim, which provides, in part: 'There shall be no appeal from decisions of such board.'? A. I am familiar with the rule.

"Q. When you were taken out of service and submitted your claim, it was your intention that the officers of the board pass on your claim? A. Yes.

"Q. And they did pass upon it, did they not, Mr. Davidson? A. Yes, sir.

"Q. And they found under the by-laws of your organization you were not entitled to be paid that claim? A. That was their interpretation.

"Q. And they informed you? A. Yes, sir."

The above was all the evidence offered on behalf of plaintiff to which the trial court sustained a demurrer. In this court counsel for appellant present as the only question involved the following: "Did the trial court err in sustaining Appellees' demurrer to Appellant's evidence?" This presents no specific legal question for our review. Counsel for appellant do argue that "The contract sued on is an insurance contract" and contend the exception under which appellees seek to evade payment, i. e., "No benefits will be paid for discharge for willful acts which invite discharge," is "an affirmative defense, the burden being upon the appellee to prove the willful acts which invited discharge." This point is not well taken. We have no occasion here to write a thesis upon associations and clubs. Those interested may find such a treatise in 4 Am.

Jur. 455 and in 7 C. J. S. beginning at page 18. Our own cases on associations, under that title, are digested in Hatcher's Kansas Digest, Revised Edition; also in West's Kansas Digest under the same title.

The bylaws of the association here involved (it does not appear to have a constitution) is a contract between and among the members of the association. Paragraph 4 of the bylaws is just as much a part of the contract as is paragraph 3. Before plaintiff could recover he had to disclose his right to recover upon the contract as a whole. He is not justified in picking out the part of it which he thinks favorable to him and disregarding the remainder. In this case there is no charge or proof there was fraud or misconduct of those who conducted the investigation for the Railway Company, or of the officers of the defendant club which passed upon his application for payment. There is no contention that any of those people was biased or prejudiced; neither is it contended plaintiff did not have a full opportunity to be heard.

Counsel for appellant invoke the well known rule that in considering a demurrer to the evidence the court does not weigh the evidence, but gives full credence to all the evidence favorable to the plaintiff. The rule is firmly established in this state, but we see no place here to apply it. It is true that in answering a question by his attorney plaintiff testified that during the month of November, 1947, in the operation of his locomotive when he was on the road in the employ of the Santa Fe Railway Company, he complied with the rules and regulations. It is quite evident, however, that operating his locomotive on the road was not the only thing involved in the charge for which he was removed from service, as shown by Exhibit No. 2.

Counsel for appellee have a cross appeal upon two points which pertain to the right of the plaintiff to maintain this action. We find it unnecessary to pass upon the questions presented in this cross appeal and do not do so in view of our conclusion on the demurrer to the evidence. From what has been said it necessarily follows that the court did not err when it sustained the demurrer to plaintiff's evidence, and the judgment of the court should be affirmed.

It is so ordered.